**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | |
| RACHEL KAPLAN, | Case No. 6:19-bk-01864-LVV |
| Debtor. | Chapter 13 |
| | |
| RACHEL KAPLAN, | |
| Plaintiff, | Adv. Pro. No. 6:23-ap- |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, | |
| Defendant(s). | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

Plaintiff, RACHEL KAPLAN, through undersigned counsel brings the following complaint and alleges as follows:

**I. NATURE OF CASE**

1.     This is an action to declare the Plaintiff's student loan debt to Defendant, the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

**II. JURISDICTION AND VENUE**

2.     On 03/25/2019, Plaintiff filed a voluntary 13 bankruptcy proceeding, Case Number 6:19-bk-01864-LVV.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

### III. PARTIES

6. Plaintiff is a Florida resident at 4579 Eaglet Lane, Kissimmee, Florida.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

### IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed student loans from Defendant in order to finance Plaintiff's education. The current outstanding balance of the student loans is approximately $34,249.00. A list of the loans with current balances is attached as Exhibit #1.

9. Plaintiff incurred the student loans while attending Valencia Community College Plaintiff was pursuing an Associate degree. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed her course of study and received a degree in general studies.

11. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

12. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $361.95 for ten years in order to pay off the balance of the student loans.

13. Since repayment on the student loans began, the debtor has:
    a. Made payments on the loans.
    b. Received forbearances & deferments.

14. Plaintiff has been unable to find employment utilizing her degree. She is currently employed as a greeter with Walt Disney Parks and Resorts. Plaintiff gross monthly income from employment is $388.80. Plaintiff has other monthly income totaling $1,350.00.

15. Plaintiff's current monthly household income is $1,738.80. When using the Internal Revenue Service Collection Financial Standards and the Plaintiff's actual expenses, the Plaintiff's current monthly household expenses, including payroll deductions, are $2,981.72. Plaintiff has no funds available to pay her student loans.

## V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may be discharged in bankruptcy if the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

17. To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan.

18.     Plaintiff is unable to make payments on her student loans. After deducting Plaintiff's reasonable and necessary expenses from her income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

19.     Plaintiff's current state of affairs is likely to persist, and her financial circumstances are unlikely to materially improve in the future.

20.     Plaintiff has made good faith efforts to repay the student loans at issue in these proceedings.

21.     Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that excepting her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ Cole Branson
Cole Branson
BransonLaw, PLLC
1501 East Concord Street, Orlando, FL 32803
(407) 894-6834
cole@bransonlaw.com

**Exhibit #1**

**List of loans with current balances**

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT STAFFORD SUBSIDIZED(DEPT OF ED/AIDVANTAGE) | $ 4,014.00 | $ 544.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED(DEPT OF ED/AIDVANTAGE) | $ 6,273.00 | $ 483.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD SUBSIDIZED(DEPT OF ED/AIDVANTAGE) | $ 4,658.00 | $ 519.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED(DEPT OF ED/AIDVANTAGE) | $ 6,461.00 | $ 334.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD SUBSIDIZED(DEPT OF ED/AIDVANTAGE) | $ 3,534.00 | $ 576.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED(DEPT OF ED/AIDVANTAGE) | $ 6,815.00 | $ 38.00 | BANKRUPTCY CLAIM, ACTIVE |